UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CRIM CASE NO. 20-20088
        HON. DAVID M. LAWSON

SHIRLEY COX,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Beginning in or around May 1991 and continuing through June 2017, Defendant Shirley Cox defrauded the Social Security Administration (SSA) by intentionally concealing the true state of her living arrangements and household income, in order to obtain Supplemental Security Income (SSI) benefits that she would have otherwise been ineligible to receive. Cox's conduct resulted in a total loss to the government, and ultimately the taxpayers, of $181,792.11.

On April 13, 2022, Defendant Cox pleaded guilty to one count of felony Theft of Government Funds; she is now scheduled to appear for sentencing at 2:00 p.m. on August 25, 2022. As discussed further below, the government respectfully recommends a sentence at the bottom of the guideline range, consisting of six

months in custody followed by a term of supervised release with a condition of home detention.

## I.     Introduction

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Cox has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the revised Presentence Investigation Report (PSR) dated July 28, 2022.

## II.    Calculation of Advisory Sentencing Guidelines

Both the parties and the Probation Department have calculated Defendant Cox's sentencing guideline range to be 12-18 months; accordingly, the government accepts the guidelines calculated by the Probation Department as correct.

## III.   The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

      **(1)    Nature and Circumstances of the Offense and History and Characteristics of Defendant**

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Cox comes before the Court at the age of 70, with a number of health problems of varying severity. The government acknowledges that Cox's age and health weigh in favor of leniency. Her lack of a prior criminal history could also be seen as a positive. However, other factors suggest that a custodial sentence of some length is nevertheless appropriate, hence the recommendation for a sentence at the bottom of the guidelines with half to be served in custody.

First and foremost is the nature and sheer scope of this fraud. Cox knew that she was required to honestly disclose the composition of her household and her household income and resources to the SSA. But month after month, year upon year, *decade after decade*, for over 26 years, Cox hid the fact that her husband lived with her the majority of the time, because she knew that his income would affect her eligibility for SSI benefits. Cox concealed this information from the SSA by failing to report and, on at least one occasion, by outright lying to the SSA about the fact that she and her husband lived together. (*See* PSR ¶ 10.) This was not a momentary lapse in judgment but rather a series of deliberate and conscious choices to steal from the government on a monthly basis for more than a quarter century. Cox then used those taxpayer-funded benefits to supplement her husband's ~$70,000-$80,000 annual income to live a more comfortable life (*see* PSR ¶ 63), admitting to SSA-OIG agents that she spent some of the monies on her phone bill, drugs, and gambling.

Cox knew that what she was doing was wrong, but she continued to do it anyway. The nature of Cox's conduct, standing alone, warrants the imposition of a custodial sentence of some length.

Furthermore, while it is true that the defendant will have to make restitution, it is important to remember that restitution is mandatory in the case of <u>all</u> financial offenses. Federal benefits fraud is a real crime that should be met with more than merely a financial consequence, even where the financial consequence may be significant.

**(2)   Seriousness of the Offense, Respect for the Law, and Just Punishment**

The second factor requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The government believes that the defendant's crime – concealing from and lying to the government about one's living arrangements and household income for over 26 years in order to maintain one's government benefits – is a serious one that should be met with a serious consequence.

This purpose of sentencing is often minimized in the context of financial crimes. Nonetheless, offenses such as this negatively affect the public's perception of social welfare programs; specifically, these crimes erode confidence in the Social Security Administration and its ability to safeguard taxpayer contributions.

Moreover, it is important to understand that this is not a "victimless" crime. Theft from the government is theft from the taxpayers that fund the government. Taking money from the Social Security Administration in particular is an affront against every hardworking individual who pays into the system in hopes that it will still be there to support them in their retirement or the event of a disability. As the Court is likely aware, the Social Security system is in jeopardy and conduct such as that of the defendant puts the system at even greater risk of insolvency. Now more than ever, program integrity is a topic of significant concern amongst lawmakers, highlighting the need for those who steal from the government to be held accountable.

Simply having to pay the money back would not be a "just punishment," but rather a concession that this defendant – for all practical purposes – is entitled to demand a long-term, interest-free loan from her fellow citizens, which will likely never be repaid in full.

### (3) Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that that given the defendant's lack of criminal history, any sentence imposed in this case might be sufficient to discourage *her* from engaging in additional criminal conduct.

However, the sentence imposed in this case should also serve to deter *others* who seek profit by stealing from the government. Thousands and thousands of people receive benefits from the SSA and its programs, making the agency an attractive target for fraud and malfeasance. Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that there are significant consequences for defrauding the SSA.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

There is no indication that the defendant requires any educational or vocational training. There is also no indication that she requires mental health, substance abuse, or other correctional treatment. (*See* PSR ¶¶ 37, 39-40.) As for the defendant's health, the government believes that the Bureau of Prisons is capable of treating the defendant's health issues. Consistent with this belief, the

government would support a recommendation for placement at a Federal Medical Center during any term of incarceration.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class C felony and calculation of the sentencing guidelines places her in Zone C of the sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range (here 12 months) may be satisfied by:

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 5C1.1(d).

As stated previously, and consistent with U.S.S.G. § 5C1.1(d)(2), the government believes that a sentence at the bottom of the guideline range,

consisting of six months in custody followed by a term of supervised release with a condition of home detention, is appropriate in this case.

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $181,792.11 to the Social Security Administration. In addition to ordering restitution, the government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶ 69 of the PSR.

## IV. Conclusion

Having considered the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a sentence at the bottom of the guideline range, consisting of six months in custody followed by a term of supervised release with a condition of home detention.

Ultimately, the government asks the Court to impose whatever reasonable sentence it determines to be sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

      The United States further asks that the Court require the defendant to pay the mandatory $100.00 special assessment to the Clerk of the Court, and order her to pay restitution in the full amount of $181,792.11 to the Social Security Administration.

                                      Respectfully Submitted,

                                      DAWN N. ISON
                                      United States Attorney

                                      *s/Ryan A. Particka*
                                      RYAN A. PARTICKA
                                      Assistant United States Attorney

                                      *s/Corinne M. Lambert*
                                      CORINNE M. LAMBERT
                                      Special Assistant U.S. Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, Michigan 48226
                                      (313) 226-9129
                                      Corinne.Lambert@usdoj.gov

Date: August 18, 2022

## CERTIFICATE OF SERVICE

  I hereby certify that on August 18, 2022, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

Natasha Webster
613 Abbott Street, 5th Floor
Detroit, MI 48226
(313) 967-5542
Natasha_Webster@fd.org

A copy was also provided to Probation Officer William D. Hampstead via email.

               *s/Corinne M. Lambert*
               CORINNE M. LAMBERT